UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| JOSE JAVIER AZURDIA PUERTO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RW INSTALLATION INC., RW GLAZING INC, ROBERT WSZENDYBYL, and MARLENA STETTNER, | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATIONS**

Plaintiff, JOSE JAVIER AZURDIA PUERTO on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, RW INSTALLATION INC., RW GLAZING INC, ROBERT WSZENDYBYL, and MARLENA STETTNER, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant RW INSTALLATION INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant RW GLAZING INC, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant ROBERT WSZENDYBYL is a corporate officer and/or owner

and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant MARLENA STETTNER is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. Individual Defendants MARLENA STETTNER and ROBERT WSZENDYBYL were so involved in the managerial and financial affairs of Defendant Corporations RW INSTALLATION INC. and RW GLAZING INC that to the extent that they would be liable under the FLSA for any violations of labor law committed by Defendant Corporations, even if Individual Defendants were not found to be employers of Plaintiff JOSE JAVIER AZURDIA PUERTO.

8. All acts or omissions giving rise to this dispute took place in Dade County.


## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

9. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Plaintiff worked for Defendants as an installer, primarily responsible for installing impact panels, from on or about June 1, 2014 to March 20, 2015.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period.  Plaintiff worked for Defendants in Texas, which inherently is interstate commerce for the relevant time period.  Furthermore, tools and materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. The Defendant Corporations' gross sales or business done exceeds $500,000 for the year

2014.

16. Upon information and belief, the Defendant Corporation's gross sales or business done and is expected to exceed $500,000 for the year 2015.

17. Upon information and belief, Defendants, RW INSTALLATION INC., and RW GLAZING INC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

18. Upon information and belief, Defendants, RW INSTALLATION INC., and RW GLAZING INC, were the Plaintiff's joint employers during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose.

19. Between the period of on or about June 1, 2014 to March 20, 2015, Plaintiff worked an average of 63 hours a week for Defendants and was paid an average of $18.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                Respectfully Submitted,

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.
                                                Attorney For Plaintiff
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167
                                                Email: ZABOGADO@AOL.COM

                                                By:__/s/ J.H. Zidell_____
                                                    J.H. Zidell, Esq.
                                                    Florida Bar Number: 0010121